IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID E. SIERRA-LOPEZ,

                        Plaintiff,                        OPINION AND ORDER

v.

                                                    22-cv-502-wmc

BROOKE STEINGRAEBER,

                        Defendant.

---

*Pro se* plaintiff David E. Sierra-Lopez is incarcerated at Columbia Correctional Institution. He is proceeding on a claim that Correctional Officer Brooke Steingraeber violated his Eighth Amendment rights by failing to take reasonable steps to prevent him from harming himself in September 2021. Sierra-Lopez raised the same claim against Steingraeber in a prior lawsuit that the court dismissed without prejudice because Sierra-Lopez did not exhaust his administrative remedies before coming to federal court. *Sierra-Lopez v. Steingraeber*, No. 21-cv-624-bbc, 2022 WL 1014695, at *2 (W.D. Wis. April 5, 2022). Steingraeber seeks the same relief in this case, claiming that Sierra-Lopez still has not exhausted his administrative remedies. (Dkt. #17.) Because defendant has failed to prove a lack of exhaustion, the court will deny her motion for summary judgment on that ground.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner must follow all of the prison's rules for completing its grievance process.

*Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  This includes:  (1) compliance with instructions for filing an initial, administrative grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) pursuing *all* available appeals from a denial of a grievance "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025; *see also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).  Moreover, "[e]xhaustion is necessary even if . . . the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.").

The purpose of this exhaustion requirement is to afford prison administrators a fair opportunity to resolve a prisoner's grievance without litigation.  *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).  Thus, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must prove, *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018); and at summary judgment, defendants must specifically show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In Wisconsin, prisoners must begin the exhaustion process by filing a grievance with an institution complaint examiner ("ICE") within 14 days after the incident giving rise to the grievance.  Wis. Admin. Code § DOC 310.07(2).  Among other requirements, a grievance must contain only one, clearly identified issue, as well as sufficient information for the Department of Corrections to investigate and decide the complaint.  § 310.07(5)-(6).  While the ICE may reject a grievance for specified reasons, § 310.10(6), the prisoner

2

may still appeal the rejection to the appropriate reviewing authority within 10 days under § 310.10(10). If the ICE accepts the grievance, then a recommendation is made to the reviewing authority, who in turn renders a decision. §§ 310.10(12), 310.11. Next, if the ICE's recommendation is unfavorable, then the prisoner may appeal to the corrections complaint examiner ("CCE") within 14 days of the decision, unless good cause is shown for an untimely appeal. § 310.12(1), (6). Finally, the CCE makes a recommendation to the DOC Secretary, who will take final action on the prisoner's grievance. § 310.13.

Here, after the court dismissed plaintiff's prior lawsuit without prejudice, plaintiff submitted grievance CCI-2022-5793 on April 10, 2022. (Dkt. #15-2 at 8-10.) In it, plaintiff requested damages because defendant allegedly ignored his threats of self-harm and did not seek help after he had begun to harm himself on September 3, 2021. The grievance was untimely by several months by that point, but before the ICE took any action, plaintiff submitted an information request indicating that the issue had been resolved. (*Id.* at 22.) Plaintiff was following an instruction on the receipt form stating, "Please write to the ICE if this issue is resolved before you receive an answer." (*Id.* at 1.) Plaintiff explains that he withdrew his grievance because "prison officials offered relief that satisfied" him: defendant was reassigned to a different unit, and plaintiff's contact with her was now minimal. (Dkt. ##21 at 4; 22 at ¶ 2.) Subsequently, the ICE rejected the grievance as moot, and the reviewing authority rejected plaintiff's appeal on the same ground. (Dkt. #15-2 at 6.)

Defendant argues that plaintiff has not exhausted his administrative remedies because the grievance was rejected on procedural grounds and the institution never reached

3

the merits, but her arguments in support are imprecise and inconsistent with the record. She begins by arguing in her opening brief that plaintiff's "untimely administrative complaint was properly rejected." (Dkt. #18 at 10.) However, this argument implies that the ICE rejected the grievance as untimely, when the ICE noted the timing but actually rejected it as moot based on plaintiff's communication that his issue had been resolved. Then in reply, defendant emphasizes that the ICE never reached the merits in rejecting the grievance as moot. (Dkt. #24 at 2.) In fairness, a grievance that is rejected based on a procedural defect does not fulfill the exhaustion requirement. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). This is because "the benefits of exhaustion" are realized when the prison grievance system is given a fair opportunity to consider the grievance on the merits. *Woodford*, 548 U.S. at 95. If noncompliance with the procedural rules "carries no significant sanction," a prisoner who does not want to participate in the prison grievance system "will have little incentive to comply with the system's procedural rules." *Id.*

However, the question here is not whether plaintiff followed procedures. Plaintiff's grievance was untimely, as defendant underscores, but the ICE rejected the grievance as moot in response to plaintiff's notice, which was submitted in compliance with exhaustion procedures. *See Lindell v. Greff*, No. 19-C-827, 2021 WL 718237, at *3 (E.D. Wis. Feb. 24, 2021) (grievance rejected as moot rather than for failure to follow procedural rules supported the denial of defendants' exhaustion-based summary judgment motion). Moreover, plaintiff went further. To ensure that he followed all possible procedural steps, he even appealed the ICE's rejection to the reviewing authority. At that point, the

4

grievance had given prison officials notice of plaintiff's problem and an opportunity to resolve it.

As a result, defendant is really asking the court to conclude that having resolved his inmate complaint, plaintiff could not properly exhaust. In support, defendant emphasizes that the institution obviously never reviewed plaintiff's claim on the merits, which while true, does not change that "[o]nce a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies *are* exhausted." *Thornton v. Snyder*, 428 F.3d 690, 695-96 (7th Cir. 2005) (quoting *Ross v. County of Bernalilio*, 365 F.3d 1181, 1187 (10th Cir. 2004) (emphasis added)). As plaintiff explains, he sent notice to the ICE because he had received satisfactory relief from the institution, which could not also award him the damages that he seeks here. *See Hickles v. Luy*, No. 06-C-0226, 2006 WL 3751264, at *4 (E.D. Wis. Dec. 18, 2006) ("The purpose of the ICRS is not to award damages, but to decide inmate grievances").

In reply, defendant ignores plaintiff's remaining request for monetary relief and whether *Thornton* is controlling on the question of exhaustion. Rather, defendant turns to *St. Junious v. Fuchs*, Case No. 20-cv-826-wmc, 2023 WL 2770574 (W.D. Wis. April 4, 2023), a case which this court dismissed without prejudice for failure to exhaust. In that case, the plaintiff filed a grievance alleging retaliation, wrongful discipline, and a failure to respond to his transfer request. *Id.* at * 2. As in this case, the ICE rejected the grievance as moot after the plaintiff submitted an information request to withdraw it. *Id.* However, unlike in this case, the plaintiff withdrew the grievance because it was a "mistake," *without* asserting that he received the relief. Thus, plaintiff maintains the institution capitulated

5

here, leaving nothing more than the question of his right to damages, something never part of the administrative proceedings. Defendant has thus failed to prove a lack of exhaustion, the having been nothing left to exhaust, and the court must deny defendant's motion.

Of course, this does not mean that summary judgment might not be appropriate on other grounds, and the court will extend the summary judgment deadline for that purpose.[1]

ORDER

IT IS ORDERED that:

1) Defendant Brooke Steingraeber's motion for summary judgment on exhaustion grounds (dkt. #17) is DENIED.

2) The dispositive motions deadline is extended to October 30, 2023. The rest of the scheduling order remains in place.

Entered this 25th day of August, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

---

[1] The court granted in part defendant's motion to stay discovery pending its ruling on her motion for summary judgment, ordering that discovery would be stayed until June 19, 2023, or until the court decides the motion, whichever comes first. (Dkt. #20.) Although the parties should have resumed discovery on June 19, to allow both parties sufficient time to prepare dispositive motions in light of the court's ruling on this motion, the court will extend the dispositive motions deadline slightly to October 30, 2023.